UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Todd Embs,

    Plaintiff,

v.                                                        Case No. 2:03cv895

Jordan Outdoor Enterprises, Ltd., *et al.*,          Judge Michael H. Watson

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Wrangler Apparel Corporation's ("Wrangler") Motion to Dismiss. (Doc. 142) Plaintiff Todd Embs has filed a Response in Opposition (Doc. 170), and Defendant Wrangler has filed a Reply. (Doc. 185) In addition, this Court heard oral argument on the motion on June 6, 2005. This matter is now ripe for review.

Wrangler argues that Embs' Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) based on failure to state a claim and lack of personal jurisdiction. Wrangler maintains that Embs has failed to plead sufficient facts to give Wrangler notice of the grounds supporting Embs' claims against Wrangler. Specifically, Wrangler argues that the Complaint fails to identify the specific allegedly infringing acts or products. Wrangler also argues that it lacks sufficient contact with Ohio to justify the assertion of personal jurisdiction. Wrangler states that it is a Delaware corporation, it does not maintain an office in Ohio, does not receive any direct revenue from Ohio, and has not entered into license agreements with any Ohio corporations. Finally, Wrangler argues that it will suffer substantial prejudice by being forced to defend itself in a case in which discovery has already closed.

Embs responds that he has sufficiently plead patent infringement because his Complaint alleges ownership of the asserted patent, names each Defendant, cites the patent which allegedly has been infringed, describes the means of infringement, and points to the specific sections of patent law being invoked. Next, Embs argues that Wrangler does have sufficient contacts with Ohio as evidenced by the Wrangler website, which includes a listing of eleven stores in Ohio which sell the allegedly infringing products.

The question of personal jurisdiction must be decided before proceeding to the merits of a case. *Bird v. Parsons*, 289 F.3d 865, 872 -73 (6th Cir. 2002); *see also Consumer Direct Inc. v. McLaughlin*, 138 F.R.D. 519, 522 (N.D.Ohio 1991) (" 'The question of personal jurisdiction . . . goes to the court's power to exercise control over the parties," and therefore should be addressed before issues like lack of venue and failure to state a claim."), *quoting, Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). Federal Circuit law applies to the question of personal jurisdiction in patent cases. *Logan Farms v. HBH, Inc. DE*, 282 F.Supp.2d 776, 785 (S.D.Ohio 2003), *citing, Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed.Cir. 2002).

Under both Sixth Circuit and Federal Circuit law, a district court may resolve a Rule 12(b)(2) motion without conducting a hearing. If the court determines that the motion can be decided without a hearing, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n. 1 (Fed.Cir.1998).[1] The plaintiff must make a *prima facie* showing of personal jurisdiction. *Imperial Products, Inc. v. Endura Products, Inc.*, 109 F.Supp.2d 809, 810

---

[1] Therefore, in determining whether personal jurisdiction exists, the use of materials outside the pleadings does not convert the motion into one for summary judgment. *See MacDonald v. Navistar Intern. Transp. Corp.*, 143 F.Supp.2d 918, 923, n.4 (S.D.Ohio 2001).

2

(S.D.Ohio 2000), citing, *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 880. (Fed.Cir.1997).

The Court finds that it may resolve Wrangler's motion without an evidentiary hearing. Therefore, the Court will consider the pleadings and affidavits in the light most favorable to Embs.

This Court has previously explained the analysis applicable to the question of personal jurisdiction in the context of a claim for patent infringement:

> Under Federal Circuit law, as elsewhere, "a district court's personal jurisdiction over a non-consenting defendant outside the boundaries of the forum [involves] a two-step inquiry." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed.Cir.1998). "First, the district court determines whether a provision makes the defendant amenable to process, which usually depends on whether the 'defendant could be subjected to jurisdiction of a court of general jurisdiction in the state in which the district is located.' " *Id.*, quoting Fed.R.Civ.P. 4(k)(1)(A). This inquiry involves applying Ohio's "long-arm" statute, Ohio Revised Code § 2307.382, to the facts at hand. *Akro Corp. v. Luker*, 45 F.3d 1541, 1544 (Fed.Cir. 1995). "Second, the district court ensures that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice' that are embodied in the Due Process Clause" of the Fifth Amendment. *Red Wing Shoe Co.*, 148 F.3d at 1358, *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

*Imperial Products*, 109 F.Supp.2d at 810 -11.

The applicable provision of Ohio's long-arm statute provides: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's . . . [c]ausing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." Ohio Rev. Code § 2307.382(A)(4). Subsection (4) does not require direct contact with the state. *Imperial Products*, 109 F.Supp.2d at 811, citing, *Schwanger v. Munchkin, Inc.*, 217 F.3d 854, 1999 WL 820449 (Fed.Cir. Oct. 7, 1999). Therefore, Ohio's long-arm statute would reach Wrangler if it acted outside of Ohio to cause a tortious injury in the state, if it

3

regularly does or solicits business in Ohio, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in this state.

Even if the Court assumes that Wrangler has caused a tortious injury in Ohio, Embs has failed to establish that Wrangler regularly does or solicits business in Ohio, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in Ohio. Wrangler states that it is a Delaware corporation; has not entered into any license agreements with Ohio individuals, entities, or corporations; does not own property in Ohio; does not maintain an office or employees in Ohio; does not receive any direct revenue from Ohio; and does not pay taxes in Ohio. (Doc. 142, Ex. A, Helen Winslow Decl., ¶ 4). Embs points to a website at www.wrangler.com which Embs maintains shows that Wrangler advertises the allegedly infringing products and lists eleven stores in Ohio where such clothing can be purchased. Embs also states that other Defendants have named Wrangler as a supplier of allegedly infringing goods. Wrangler replies that while the website advertises Wrangler brand clothing, the information on the website does not show that Wrangler makes, sells, offered to sell, or imported the products shown. Wrangler states that while its licensees are engaged in such activities, it is not.

At the outset, Embs has not presented any evidence that the www.wrangler.com website is sponsored by Wrangler. While it is not a fact suitable for judicial notice, the Court does note that on the "Contact Us" page of the website, a corporation named VF Jeanswear is listed as the contact, not Wrangler Apparel Corporation.[2]

---

[2] Federal Rule of Evidence Rule 201 provides in pertinent part: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. A court shall take judicial notice if requested by a party and supplied with the necessary information."

4

Next, as this Court has recently recognized, the reach of Ohio's long-arm statute depends on the degree to which the website is interactive. *Logue v. Siesta 4-Rent*, 2005 WL 1421958, *4 (S.D.Ohio June 17, 2005), citing, *Premium Balloon Accessories, Inc. v. Control Plastics*, 2004 WL 1922165 (6th Cir. Aug. 24, 2004) (unpublished). This Court noted that the website was not fully interactive because only a limited amount of information was available, and although product order forms could be downloaded from the website, no orders could be placed over the Internet. The parties have not addressed this issue, but the Court notes that the while the website permits visitors to make purchases over the Internet, potential buyers are directed to the websites of two retailers: Target and Wal-Mart.

Finally, Embs points out that the website lists stores in Ohio where the Wrangler brand apparel is available. While the Court must draw all permissible inferences in favor of Embs, the Court finds that it would not be proper to allow Embs to rely on this listing to establish that Wrangler regularly does or solicits business in Ohio. Wrangler has presented an affidavit that it acts only as a licensor, and Embs has not presented any evidence to the contrary.

Therefore, the website at www.wrangler.com is not *prima facie* evidence that Wrangler regularly does or solicits business in Ohio, or engages in any other persistent course of conduct. Furthermore, Embs has not presented evidence that Wrangler derives substantial revenue from goods used or consumed, or services rendered in Ohio.

To conclude, the Court finds that Ohio's long-arm statute does not authorize the exercise of personal jurisdiction over Wrangler. The Court further finds that it is unnecessary to determine whether the exercise of jurisdiction would comply with federal due process requirements.

Based on the foregoing, Defendant Wrangler Apparel Corporation's Motion to Dismiss (Doc. 142) is hereby **GRANTED**. Defendant Wrangler Apparel Corporation shall be dismissed as a party to this action.

Accordingly, Defendant Wrangler Apparel Corporation's Motion for Protective Order And/Or for Stay of Discovery (Doc. 217) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court