UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Todd Embs,

    Plaintiff,

v.                                                                Case No. 2:03cv895

Jordan Outdoor Enterprises, Ltd., *et al.*,          Judge Michael H. Watson

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Bass Pro Shops, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 131), Jordan Outdoor Enterprises Ltd.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 134), Dick's Sporting Goods Inc.'s Motion to Dismiss for Lack of Jurisdiction and Lack of Standing (Doc. 135), Cabela's Inc.'s Motion to Dismiss for Lack of Jurisdiction and Standing - Notice of Joinder in Bass Pro's Motion (Doc. 136), and Robinson Outdoors, Inc.'s Motion to Dismiss the First Amended Complaint. (Doc. 233) Plaintiff Todd Embs has filed Responses in Opposition. (Docs. 139, 145, 147, 148, 241) The Court also heard oral argument on the motions on August 26, 2005, and Defendant Bass Pro, Inc. filed a Supplement to the Record regarding its Motion to Dismiss. (Doc. 242) Plaintiff Embs filed a Response to this Supplement to the Record. (Doc. 243) This matter is now ripe for review.

I.     **ARGUMENTS OF THE PARTIES**

Defendant Bass Pro Shop's Motion to Dismiss is made pursuant to Federal Rules

of Civil Procedure 12(b)(1) and 12(h)(3). The remaining Defendants' Motions have adopted and incorporated Bass Pro Shop's Motion. Defendants argue that Embs lacked valid legal title to the patents-at-issue, and therefore lacks standing to bring the claims asserted in the Amended Complaint. Defendants argue that dismissal on these grounds should be with prejudice since the chain of title is fatally defective without any possibility of being cured. Defendants also argue that the documents produced to prove the chain of title cannot be considered because they have not been properly authenticated, and are hearsay because they were never recorded with the U.S. Patent and Trademark Office. Finally, Defendants argue that the '253 patent expired on September 17, 2001 for failure to timely pay the required maintenance fee, and the petition to accept late payment of the fee was not granted until after the patent was allegedly assigned to Plaintiff.

Embs responds that while obtaining the documentation for the chain of title has been time consuming, the chain of title clearly shows an unbroken line of written assignments from the inventor to himself. Embs also argues that while notarized assignments receive enhanced status as *prima facie* evidence of assignment, recordation with the USPTO is not required to make a written assignment valid. Finally Embs argues that the '253 patent did not expire because there is a twenty-four month grace period for payment; and if a petition to revive is granted, it has the effect that the patent in issue is deemed to have never expired at all. Moreover, Embs argues that the expiration of the '253 patent would not be grounds for dismissal because the status of the '253 patent does not effect the '131 Patent.

II.    **ANALYSIS**

The Sixth Circuit has distinguished between facial and factual attacks among

2

motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D.Ohio 2002). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Defendants are bringing a factual attack. A factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Therefore, this Court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." 922 F.3d at 325. The Court may allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Federal Rule of Civil Procedure 12(h)(3) instructs this Court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."

"The general rule is that one seeking to recover money damages for infringement of a United States patent (an action "at law") must have held the *legal title* to the patent *during the time of the infringement*." *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991) (emphasis in original); *see also Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed Cir. 1998) ("only the holder of legal title to a patent at the time of the infringement can bring an action for damages resulting from that infringement."); *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed Cir. 2001) ("If a party lacks title

to a patent, that party 'has no standing to bring an infringement action' under the patent.").[1]

Patents can be assigned, but the assignment must be in writing. 35 U.S.C. § 261.

A.   Chain of Title.

Embs alleges that the following assignments were made and show a chain of title from the inventor, William Robert Wilkinson, to himself.

1.   Wilkinson to Bula, Inc. (Colorado).

Embs explains that Wilkinson was an employee of Bula, Inc. of Durango, Colorado and was obligated to assign any rights to any job-related inventions to his employer. Embs relies upon a written assignment of Wilkinson's rights to the '253 patent to Bula, Inc. (Colorado) on March 15, 1996. (Doc. 139, Ex. 2) Embs points out that the assignment specifically includes any continuation applications based on the '253 application, and therefore acts as an assignment of the '131 application. (Id.) Defendants do not dispute that this is evidence of this assignment.

2.   Bula, Inc. (Colorado) to 3752313 Canada, Inc.

Embs states that a June 23, 2003 Purchase and Sale Agreement serves as evidence of a written assignment from Bula, Inc. (Colorado) to 3752313 Canada, Inc. (Doc. 139, Ex. 3) The Agreement provides for the sale and purchase of "[a]ll intellectual property pertaining to the BULA brand, including without limitation and by way of example all patents (including without limitation the patents set forth in the Patent Assignment being executed concurrently . . ." (Id.) The Patent Assignment identifies certain patents in "Exhibit A," however, the '253 and '131 patents are not included in the list. (Id.)

---

[1] The Complaint in this action was filed on October 2, 2003. (Doc. 1) The Complaint alleges that Defendants "have been and still are" infringing the '253 and '131 patents.

Embs also relies on the affidavit of Leonard Marcovitch, who is co-owner of both 3752313 Canada, Inc. and Bula, Inc. (Barbados). (Doc. 139, Ex. 7, ¶¶ 2-3) Marcovitch states that on behalf of 3752313 Canada, Inc. he purchased all the intellectual property of Bula, Inc. (Colorado), including the '253 and '131 Patents. (Id. ¶ 4) Marcovitch explains that 3752313 Canada, Inc. was a holding company established to facilitate the execution of the Agreement while Bula, Inc. (Barbados) was organized. (Id. ¶ 6)

Defendants point out that the Agreement excludes from sale assets which are "not used in or primarily related to the Business;" and "Business" is defined in the Agreement as "the business of manufacturing, sales and distribution of headwear and other apparel and related items under the 'BULA' brand." Defendants state that Wilkinson has testified that camouflage garments made in accordance with the '253 and '131 patents were never commercialized, and therefore were never associated with any brand name, including the BULA trademark.

The absence of the '253 and '131 patents from Exhibit A of the Patent Assignment is not dispositive because the Agreement clearly provides for the sale and purchase of "*all* patents . . . *including without limitation* the patents set forth in the Patent Assignment." Similarly, the Court finds that the term "[a]ll intellectual property pertaining to the BULA brand" is sufficiently broad to include title to the '253 and '131 patents. *Accord SKW Americas v. Euclid Chemical Co.*, 231 F.Supp.2d 624, 626 (N.D. Ohio 2002). The Court also finds that the exclusion of assets which are "not used in or primarily related to the Business" does not exclude title to the '253 and '131 patents. "Business" is defined broadly in the Agreement, and the Court finds that the mere ownership of a patent, even without actual production, is related to "the business of manufacturing, sales and

5

distribution of headwear and other apparel and related items under the 'BULA' brand." This interpretation of the Agreement is supported by the Marcovitch Affidavit which states that 3752313 Canada, Inc. purchased all the intellectual property of Bula, Inc. (Colorado), including the '253 and '131 Patents. Therefore, the Court finds that the Agreement is evidence of the assignment of the '253 and '131 patents from Bula, Inc. (Colorado) to 3752313 Canada, Inc.

        3.    <u>3752313 Canada, Inc. to Bula, Inc. (Barbados)</u>.

Embs states that a written assignment dated April 30, 2002 shows the assignment of the '253 and '131 patents from 3752313 Canada, Inc. to Bula, Inc. (Barbados). (Doc. 139, Ex. 4) This document apparently had not yet been produced to Defendants when they filed their Motions to Dismiss. The Court finds that this assignment is evidence of the assignment of the '253 and '131 patents from 3752313 Canada, Inc. to Bula, Inc. (Barbados).

        4.    <u>Bula, Inc. (Barbados) to Todd Embs</u>.

Embs states that written assignments dated May 20, 2003 shows the assignment of the '253 and '131 patents from Bula, Inc. (Barbados) to himself. (Doc. 139, Ex. 5,6) Defendants do not dispute that this is evidence of this assignment. However, as a supplement to its motion, Defendant Bass Pro submitted a check issued to Bula, Inc. to address the issue of Embs' payment for the patents-in-suit and the timing of payment. It is not clear to the Court what effect this payment or its timing has on Embs claim of title to the patents.

Viewing these documents together, the Court finds that Embs has shown a chain of title from the inventor, William Robert Wilkinson, to himself.

B.     Authentication and Hearsay.

Defendants would argue that even if the documents discussed above show a chain of title, these documents cannot be considered because they have not been properly authenticated. Federal Rule of Evidence 901(a) provides that "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The rule also states, by way of illustration, that the testimony of a witness that the item is what it purports to be is sufficient authentication under the rule. Fed.R.Evid. 901(b)(1). The Court notes that each of the documents Embs has submitted as evidence of chain of title have either been notarized or authenticated by the Affidavit of Leonard Marcovitch. The Court finds that this is sufficient authentication for the purpose of determining whether it has jurisdiction.

Defendants also argue that the documents are hearsay because the assignments were not recorded with the USPTO. There is no requirement that a patent assignments be recorded, but recording will affect the validity of a patent assignment to subsequent purchasers or mortgagees without notice. 35 U.S.C. § 261. ("An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage.")

Federal Rule of Evidence 803(15) creates an exception to the rule against hearsay for: "A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings

7

with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document." The Court finds that the statements regarding assignment in the above documents establish or affect an interest in property, the matter stated is relevant to the purpose of the document, and there has been no evidence that the dealings with the property since the document was made have been inconsistent with the truth of the statement or purport of the document. Therefore, to the extent that the statements in the documents submitted by Embs to show chain of title are hearsay, the Court finds that they fall within the exception in Rule 803(15).

      C.      <u>Expiration of the '253 Patent</u>.

Defendants argue that the '253 patent expired 20 months before it was alleged to have been assigned to Embs.

Under 35 U.S.C. § 41(b), the failure to pay a maintenance fee within six months of one of the required times results in expiration of the patent. However, 35 U.S.C. § 41(c)(1) provides that "the Director may accept the payment of any maintenance fee . . . which is made within twenty-four months after the six-month grace period if the delay is shown to the satisfaction of the Director to have been unintentional, or at any time after the six-month grace period if the delay is shown to the satisfaction of the Director to have been unavoidable." If the Director accepts such payment, "the patent shall be considered as not having expired at the end of the grace period." *Id.* Since the petition to accept late payment of the maintenance fee was made within the 24-month period, and the petition was granted, the '253 is considered as not having expired. (See Doc. 131, Ex. S)

Based on the foregoing, the Court finds that it has jurisdiction over this matter because Embs has established that he has standing to bring his claims of infringement of

8

the '253 and '131 patents. Accordingly, the Court hereby **DENIES** Bass Pro Shops, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 131), Jordan Outdoor Enterprises Ltd.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 134), Dick's Sporting Goods Inc.'s Motion to Dismiss for Lack of Jurisdiction and Lack of Standing (Doc. 135), Cabela's Inc.'s Motion to Dismiss for Lack of Jurisdiction and Standing - Notice of Joinder in Bass Pro's Motion (Doc. 136), and Robinson Outdoors, Inc.'s Motion to Dismiss the First Amended Complaint (Doc. 233).

   **SO ORDERED.**

                                        /s/ Michael H. Watson
                                        Michael H. Watson, Judge
                                        United States District Court